**AFFIDAVIT**

I, Michael Palinkas, currently assigned to the Cleveland Division of the FBI as a Task Force Officer, hereinafter referred to as your Affiant, being duly sworn, do state the following:

**INTRODUCTION**

1. As a Task Force Officer for the FBI, your Affiant is an investigative law enforcement officer of the United States of America within the meaning of Title 21 Matters. Your Affiant is empowered to conduct investigations and to make arrests for drug related and money laundering offenses.

2. Affiant, Michael Palinkas, is an employee of the Ashtabula Police Department, currently sworn and assigned as a Task Force Officer (TFO) with the Federal Bureau of Investigation Safe Streets Task Force, within the meaning of Section 878(a) of Title 21, United States Code, that is an officer who is empowered by law to conduct investigations, make arrests, execute search warrants, and seize property in connection with violations of Title 18, United States Code and Title 21, United States Code. Affiant is a Lieutenant with the Ashtabula Police Department, and has been so employed since 2016. Affiant has previously served as a Special Agent with the Department of Homeland Security and an officer with the Geneva Police Department. As a Task Force Officer of the FBI and a local investigator, your Affiant has participated in narcotics/drug enforcement and the dismantlement of mid to upper-level drug trafficking organizations. Your Affiant has participated in the planning and execution of long-term investigative operations that have led to the disruption and dismantlement of criminal organizations whose revenues centered primarily on the trafficking and distribution of illicit drugs.

3. Your Affiant received his OPOTA certificate at the Lakeland Community College and in addition to that has been to numerous narcotic schools throughout his law enforcement

career. Affiant has been trained in the recognition, production, and distribution of controlled substances, and has also received advanced training in overall narcotics investigations. Your Affiant has received field training and accrued practical experience in advanced drug-related investigative techniques that include, but are not limited to, surveillance, interview and interrogation techniques, informant recruitment and control, search warrant and case preparation, and interception and analysis of recorded conversations. Your Affiant has been involved in controlled undercover purchases of drug evidence and subsequent arrests of defendants charged with drug-related crimes. Your Affiant has supervised the activities of informants who have provided information concerning controlled substances and organized criminal activities, purchased controlled substances, and supervised consensual monitoring in connection with these investigations. Your Affiant has utilized various forms of tracking technology to assist in various forms of criminal investigation.

4. This Affidavit is offered in support of a Criminal Complaint against Defendant SHANE M. WILES for the following violation of federal law occurring on or about November 7, 2025, in the Northern District of Ohio, Plymouth Township, Ohio, and Ashtabula County, namely: Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), and (b)(1)(B).

**BASIS OF INFORMATION**

5. Your Affiant is familiar with the facts and circumstances of the offenses described in this Affidavit based upon your Affiant's personal participation in the investigation of SHANE M. WILES as well as through information obtained from other law enforcement agencies, witnesses, and reliable sources.

6. Except as otherwise noted, the information set forth in this Affidavit has been provided to your Affiant by FBI Agents or other law enforcement officers. Unless otherwise noted, whenever in this Affidavit your Affiant asserts that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom your Affiant has spoken or whose report your Affiant has read and reviewed. Likewise, information resulting from surveillance, except where otherwise indicated, does not necessarily set forth your Affiant's observations but rather has been provided directly or indirectly by FBI Agents or other law enforcement officers who conducted such surveillance. Likewise, any information pertaining to vehicles and/or registrations, personal data on subjects and record checks has been obtained through the Law Enforcement Automated Data System (LEADS); from Thompson Reuters, a law enforcement credit header database (CLEAR); from the State of Ohio or the National Crime Information Center (NCIC) computers; or by the Ohio Law Enforcement Gateway database (OHLEG) by members herein described.

7. Since this Affidavit is being submitted for the limited purpose of securing the requested complaint and arrest warrant, this affidavit does not contain each and every piece of information known to your Affiant and other investigators, but rather only information sufficient to establish probable cause to support the requested arrest warrant.

**FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE**

8. Since on or about October 9, 2025, Affiant has been conducting an investigation, as to the drug trafficking activity of SHANE M. WILES.

9. On November 3, 2025, at approximately 1939hrs, investigators met with a Confidential, hereinafter referred to as the CS, at a non-disclosed location.[1] The CS had previous, non-recorded communication with SHANE M. WILES, during which time arrangements were made for the CS to purchase 2-3 ounces of methamphetamine from WILES. The CS also had text communication with WILES during which time WILES confirmed for the CS to stop by. Investigators had prior knowledge that WILES resides at **902 Garrison Rd in Plymouth Township**, referred to as the **TARGET LOCATION**. Your Affiant earlier in the day conducted a check of the **TARGET LOCATION** at which time the black Jeep that WILES is known to drive was present in the driveway of **TARGET LOCATION**.

10. Assisting in the controlled buy were S.A. Sullivan (FBI), TFO Howell (FBI SSTF), and Det. Nelson and Det. Perry with the CEAAC Task Force.

11. At approximately 1941hrs the CS, and the CS vehicle, were searched for contraband, with negative results. At approximately 1945hrs the pre-buy brief was conducted and the CS was provided with an audio and video recording/monitoring device along with $500 in pre-recorded funds.

12. At approximately 1947hrs the CS departed the non-disclosed location and started towards the **TARGET LOCATION**. The CS remained under surveillance during transit and did not stop at any other locations. While the CS was in transit, Det. Nelson, who was conducting surveillance of the **TARGET LOCATION**, notified us that there was a subject in the driveway near the garage. Det. Nelson could not identify the subject from his location.

---

[1] The CS was cooperating for judicial consideration connected to a recent, drug-related investigation. The CS has prior convictions including those for drug-related offenses, along with being possession of a firearm while prohibited.

13. At approximately 1958hrs the CS pulled into the driveway at **TARGET LOCATION**. Almost immediately the CS could be heard conversing with a male, who's voice Affiant recognized to be Wiles. The CS and WILES continue to converse in the garage, at the **TARGET LOCATION**, mostly about WILES previous interaction with the police and the subsequent search of his vehicle. WILES is heard commenting that he only moves "ounces" and not "kilos".

14. WILES also took a call during which time he spoke with a male on speaker. Based on the conversation, it was apparent that the male was calling to conduct a purchase of methamphetamine. WILES is heard telling the male that he would be heading up to the city and could meet if the male didn't stop by beforehand.

15. At approximately 2007hrs the CS and WILES discussed the purchase of "two". WILES followed this up by stating "28 x 2" is "56", at which time the CS agreed. (The CS later confirmed that WILES was weighing out the two ounces prior to it being provided to the CS) A short time later WILES confirmed the cost of the methamphetamine was $400.

16. At approximately 2014hrs the CS departed the garage and entered his/her vehicle. The CS then departed and remained under surveillance during transit back to the non-disclosed location. At approximately 2025hrs your Affiant and S.A. Sullivan met with the CS who surrendered a clear mid-sized zip-loc bag which contained the suspected methamphetamine. A debrief was conducted during which time the CS confirmed that he/she went to WILES residence, which had been previous identified as the **TARGET LOCATION**. The CS stated that WILES was present in or near the garage and working on his Jeep. The CS stated that WILES and him/her spoke in the garage and WILES retrieved a quantity of methamphetamine from a refrigerator that was inside the garage at the **TARGET LOCATION** and prior to weighing out the two ounces. The CS was not sure if the garage is detached or attached to the residence.

17. At the conclusion of the debrief the CS, along with the CS vehicle, was searched for contraband, with negative results. The suspected methamphetamine was then secured into temporary storage.

18. On the morning of Tuesday, November 4th, 2025, the suspected methamphetamine was processed into evidence. It was found to be approximately 28.1 grams of field "NIK" tested methamphetamine. Photos were obtained of the packaged weight along with the positive "NIK" test.

19. Your Affiant also conducted a review of the buy video. The video was found to be consistent with the CS debrief, along with the observations of the investigators.

20. On Tuesday, November 4th, 2025, your Affiant conducted a pass of the **TARGET LOCATION**. Photos were obtained and it was noted that the garage does appear to be connected to the residence by an enclosed "breezeway". Affiant also conducted a review of the Ashtabula County Auditor's Website. Affiant found that residence is consistent with the photo on the auditor's website. The auditor's website showed that the residence in a one-story, single-family residence, and that the garage is connected to the main residence.

21. On November 6, 2025, investigators obtained a search warrant, from U.S. Magistrate Judge Reuben J. Sheperd authorizing the search of **902 Garrison Rd, Plymouth Township, Ohio**, **44004** for evidence of violations of Title 21 U.S.C. Sections 841(a)(1) (Distribution and Possession with the Intent to Distribute a Controlled Substance), 846 (Conspiracy to Distribute and Possess with the Intent to Distribute a Controlled Substance), and 843(b) (Use of a Communications Facility to Facilitate a Felony Drug Offense) ("Target Offense's").

22. During the morning hours of November 7, 2025, investigators executed the above referenced search warrant at **902 Garrison Rd, Plymouth Township, Ohio**, **44004.**

23. During the execution of the search warrant investigators found the occupants of the property to by SHANE M. WILES, Wiles adult girlfriend (A.B.) and four minor children.

24. Once the residence was secured, your Affiant met with WILES and advised him of his rights under Miranda. WILES confirmed that he understood. WILES was asked if there were drugs inside the residence. WILES stated that he had approximately "1/4 pound" of methamphetamine inside the residence. WILES stated that the methamphetamine would be located in a small black bag, which was inside his bedroom. WILES further identified which bedroom he and A.B. occupied. WILES also admitted that he was continuing to distribute methamphetamine because he had lost his job and needed the money.

25. Investigators proceeded with the search of the residence. During the search investigators located a small black bag in WILES bedroom. The bag was in between the mattress and the wall. Inside the black bag, investigators located two clear bags, which appeared to contain methamphetamine. The recovered suspected methamphetamine was consistent in manner and appearance with prior seized methamphetamine by Affiant. The amount of seized methamphetamine was consistent with a distribution quantity based on my 29 years of training and experience. Also located within the same black bag was a jar that contained numerous, clear zip-loc bags. The bags were identical to the packaging used in the prior controlled buy from WILES on November 3rd, 2025.

26. Also located inside WILES' bedroom was a digital scale, a quantity of US currency that was banded together, a smaller clear bag of suspected methamphetamine, a clear bag which contained a pink, crystalline substance. Based on my prior training and experience, Affiant knows that the drug packaging and digital scale, along with the US currency, are consistent with the distribution of drugs.

27. At the conclusion of the search, the seized items were transported back to the Ashtabula Police Department and processed into evidence. The two bags that contained the larger quantity of suspected methamphetamine were found to be approximately 127.4 grams of field "NIK" tested methamphetamine. The clear bag that contained the smaller quantity of suspected methamphetamine was found to be approximately 3.7 grams of field "NIK" tested

methamphetamine. The bag which contained the pink, crystalline substance was found to be approximately 2.9 grams of field "NIK" tested methamphetamine, and also "NIK" tested positive for fentanyl. This bag was also packaged differently, and was located concealed inside a shoe inside WILES' bedroom. The US currency totaled $2,031. (Photos were obtained of the field "NIK" tests). Affiant knows in his training and experience that methamphetamine and fentanyl are Schedule II controlled substances.

**CONCLUSION**

27. Based on the foregoing, Your Affiant believes that there is probable cause to believe that on or about November 7, 2025, in the Northern District of Ohio, Plymouth Township, Ashtabula County, SHANE M. WILES committed the violations of: Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B). Therefore, Affiant requests authorization for the attached Complaint and Arrest Warrant for SHANE M. WILES.

Respectfully submitted,

Task Force Officer Michael Palinkas
APDNIU /FBI Safe Streets Task Force

Sworn to via telephone after submission by reliable electronic means. Crim.Rules 4.1; 41(d)(3) this 7 day of November, 2025.

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO

Reuben J. Sheperd, United States Magistrate Judge